# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN E. HADLEY, | 3:07-cv-00529-LRH-VPC |
| Petitioner, | |
| vs. | ORDER |
| E.K. MCDANIEL, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#16) to dismiss.

### *Background*

Petitioner Ryan Hadley does not challenge his underlying judgment of conviction in the present habeas petition. The present petition sets forth eight grounds including, *inter alia*, claims alleging that Hadley was denied due process when he was placed indefinitely in close custody housing (CCH) after he was determined to be a member of a security threat/disruptive group (STG) based upon his alleged affiliation with a gang.

### *Discussion*

Respondents' main contention is that none of the claims presented in the eight grounds for relief are cognizable in this matter because a Nevada inmate allegedly does not have a protected liberty interest vis-à-vis prison classification.

The initial difficulty with the respondents' broad brush approach is that not all of the claims presented in the eight grounds are due process claims. The requirement of a protected liberty interest is a threshold requirement for a due process claim. *See,e.g., Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed. 174 (2005). Establishment of a protected liberty interest is not, however, a threshold requirement for the petitioner's claims under the First Amendment, the Eighth Amendment, and the Equal Protection Clause. *See,e.g., Sandin v. Connor*, 515 U.S. 472, 487 n.11, 115 S.Ct. 2293, 2032 n.11, 132 L.Ed.2d 418 (1995)(discussing potential availability of First Amendment, Eighth Amendment, and Equal Protection Clause claims even where a protected liberty interest was not established on the due process claim); *see also Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004)(discussing *Sandin*). The other claims may or may not be subject to dismissal on other grounds, but they are not subject to dismissal based upon the alleged absence of a protected liberty interest.

The Court in any event is not persuaded that the due process claims presented are subject to dismissal on the face of the pleadings for lack of a protected liberty interest. An inmate does not have a protected liberty interest in prison classification *except* where the State's action either imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or will inevitably affect the duration of his sentence. *Wilkinson*, 545 U.S. at 221-24, 125 S.Ct. at 2393-95; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.), *cert. denied*, ___ U.S. ___, 128 S.Ct. 396, 169 L.Ed.2d 279 (2007); *see also Sandin*, 515 U.S. at 484 & 486, 115 S.Ct. at 2300 & 2301. In the present case, petitioner alleges and maintains that the action taken both imposes an atypical and significant hardship in relation to the ordinary incidents of prison life and will inevitably affect the duration of his sentence. The due process claims are not subject to dismissal on a motion to dismiss on a bald contention that the claims are not cognizable simply because they relate to prison classification.[1]

---

[1] Both petitioner and respondents focus primarily on Nevada state regulations and/or statutes in arguing the liberty interest issue. However, "[a]fter *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life,'" and/or their effect on the duration of the sentence. *Wilkinson*, 545 U.S. at 223, 125 S.Ct. at 2394 (*quoting Sandin*, 515 U.S., at 484, 115 S.Ct. at 2300); *see Myron*, 476 F.3d at 718. The Court further notes that the cases from this District relied upon by respondents necessarily are of only limited persuasive value given that they were decided more than twenty years ago and thus predate significant intervening authority such as *Sandin*.

1    The Court further is not persuaded by the two additional grounds for dismissal presented in the
2 respondents' reply memorandum.

3    First, respondents contend that the petitioner's claims are not exhausted because the petitioner
4 attached Exhibits A to H to his opposition to the motion to dismiss but allegedly did not attach these
5 exhibits in the state courts. Respondents maintain that petitioner thereby is supporting his claims with
6 new evidence and a new and different factual basis that was not presented to the state courts. It is true
7 that when a habeas petitioner presents evidence for the first time in federal court that would place a
8 claim in a significantly different and potentially stronger evidentiary posture than when it was presented
9 to the state courts, the exhaustion doctrine requires that the state courts be given the first opportunity
10 to consider the evidence. *See,e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Exhibits A
11 through H, however, constitute the NDOC administrative regulations and an Ely State Prison
12 operational procedure that petitioner contends state authorities violated, in connection with his liberty
13 interest argument. These materials no more present a new evidentiary or factual basis than would have
14 been the case if petitioner had attached copies of relevant statutes or case law. Respondents' exhaustion
15 argument therefore is without merit.[2]

16    Second, respondents attach a copy of the Nevada Supreme Court's decision on the state post-
17 conviction appeal with the reply, and the respondents contend that the state high court's rejection of the
18 claims in the state petition was neither contrary to nor an unreasonable application of clearly established
19 federal law. However, the foregoing standard of deferential review under the AEDPA is applicable only
20 to a decision on the merits by a state court. When it instead is clear that a state court has not reached
21 the merits of a properly raised issue, the federal court reviews the claim *de novo*. *See,e.g., Paulino v.*
22 *Harrison*, 542 F.3d 692, 698 n.5 (9th Cir. 2008); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).
23 In the present case, the Supreme Court of Nevada clearly did not reject the petitioner's claims on the
24 merits. The state high court instead declined to consider the merits of the claims because they were not

---

[2] Moreover, respondents' broad brush approach to the exhaustion issue in any event would miss the mark with regard to the petitioner's First Amendment, Eighth Amendment, and Equal Protection Clause claims. The liberty interest issue on the due process claims does not pertain to these other claims, and the allegedly new factual material therefore would not necessarily have any bearing on the exhaustion of these claims.

cognizable via a Nevada state petition for a writ of habeas corpus:

> Based upon our review of the record on appeal, we conclude that the district court did not err in dismissing the petition. Because appellant challenged only the conditions of his confinement, appellant's claims were not cognizable in a petition for a writ of habeas corpus.[FN2] Therefore, we affirm the order of the district court.
>
> [FN2] See Bowen v. Warden, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984)("We have repeatedly held that a petition for writ of habeas corpus may challenge the validity of current confinement, but not the conditions thereof.") see also Sandin v. Conner, 515 U.S. 472 (1995).

#24, Ex. 10, at 3. The deferential standard of review on the merits under the AEDPA therefore is inapplicable in this case because the state supreme court did not reach the merits of the claims in the last reasoned decision in the state courts.[3]

The motion to dismiss therefore will be denied.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[4] the Court will direct that the respondents file a motion for summary judgment directed to the merits of all of the claims presented. Given the relative age of this case, the Court needs to expeditiously determine whether an evidentiary

---

[3]Respondents do not raise any exhaustion issue over and above the argument discussed in the text regarding petitioner's reliance on his Exhibits A through H.

The fact that the claims may not have been cognizable in Nevada state habeas does not lead inexorably to a conclusion that the claims also are not cognizable in federal habeas corpus. Federal habeas jurisdiction extends to at least some claims directed to conditions of confinement. *See generally John Steven Olausen v. Director, Nevada Department of Corrections*, No. 3:06-cv-00069-PMP-VPC, #69, at 5-10 (D. Nev., Nov. 3, 2008). In the present case, petitioner Hadley sought to present a due process claim or claims similar to a claim or claims in this matter in a civil rights complaint in Nevada state court. That complaint was removed to this Court in No. 3:07-cv-00495-ECR-VPC. The Court held that success on the claim in that action necessarily would imply that the extension of the petitioner's incarceration was invalid, such that he first must obtain relief through administrative procedures or a writ of habeas corpus before the claim would be cognizable under 42 U.S.C. § 1983. See No. 3:07-cv-00495-ECR-VPC, #11, at 2-3.

The Court in any event would not be disposed to grant a motion to dismiss based upon a new argument and new issue presented for the first time in the respondents' reply after the petitioner's opportunity for a response has passed. The respondents' exhaustion argument concerning Exhibits A through H of course arose for the first time with the petitioner's filings of the exhibits with the opposition. The respondents' second argument, however, in truth was an argument that could have been raised in the initial motion to dismiss. The Court generally does not permit a party pursuing a motion to dismiss to "sandbag" an opposing party by raising a new basis for dismissal for the first time in the reply.

[4]Habeas Rule 4 states in pertinent part that "[i]f the petition is not dismissed, the judge must order the respondents to file an answer, motion or other response . . . or to take other action the judge may order."

hearing on a claim or claims ultimately will be necessary, with all of the attendant additional delays involved in ordering such a proceeding. A motion for summary judgment is not always the best vehicle for resolving a habeas case that challenges a judgment of conviction. However, given the nature of the present case, which in many respects bears more similarity to a civil rights action, a motion for summary judgment would appear to be the best manner of reaching a determination of whether there are genuine issues of material fact that require further proceedings.

The summary judgment motion shall comply with the following requirements.

First, the motion shall address each separate ground separately and further shall address each constitutional violation alleged within each separate ground. The broad brush approach utilized in the present motion to dismiss will not suffice. Not only do the separate grounds present distinct claims, but, moreover, a First Amendment claim under a ground will not necessarily be decided under the same legal standards as a procedural due process claim presented under the same ground. Where there are issues common to a number of claims, such as the protected liberty interest issue, the respondents may incorporate the discussion of the issue from a prior ground and provide argument as to how the prior discussion applies to the current claim. But each ground must be discussed separately, with the discussion addressing all constitutional claims presented therein.

Second, on all due process claims,[5] the motion shall address, in a nonconclusory fashion and upon an adequate record, whether the action complained of either: (a) imposes an atypical and significant hardship on the petitioner in relation to the ordinary incidents of prison life, or (b) will inevitably affect the duration of his sentence. *See Wilkinson, supra; Myron, supra.*

Third, on all procedural due process claims, the motion additionally shall address, on an adequate record, whether the petitioner was denied procedural due process under the appropriate governing standards, as discussed generally in, *e.g., Wilkinson*, 545 U.S. at 224-30, 125 S.Ct. at 2395-98; and *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)(discussion of procedural requirements in the Ninth Circuit's earlier *Toussaint* decision). This means, *inter alia,* that the respondents must file copies

---

[5] The Court is referring to procedural due process and substantive due process claims, not to claims under other constitutional guarantees, such as the First Amendment and the Eighth Amendment, that are made applicable to the States through incorporation under the Fourteenth Amendment's Due Process Clause.

1  of the relevant administrative record or other materials establishing what process the petitioner in fact
2  received prior to the action or actions complained of.[6]

3  Fourth, on all due process claims that challenge the sufficiency of the evidence supporting the
4  action complained of, such as, *e.g.,* Ground 6 (in paragraph 5), the motion shall address, on an adequate
5  record, whether the evidentiary basis was sufficient under the "some evidence" standard as discussed
6  in *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), and *Bruce*, 351
7  F.3d at 1287-88 (regarding evidence supporting validation as a gang member). This means, *inter alia*,
8  that the respondents must file copies of the relevant administrative record or other materials establishing
9  the factual basis for the action or actions complained of.

10  Fifth, if the respondents wish to pursue any other procedural or other defenses, they must include
11  the defenses in the motion for summary judgment. However, the respondents shall address the merits
12  of the claims in accordance with the above requirements regardless of whether they also assert
13  additional defenses or arguments.

14  IT THEREFORE IS ORDERED that the respondents' motion (#16) to dismiss is DENIED.

15  IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order, respondents shall
16  file a motion for summary judgment that fully complies with all requirements outlined at pages 5-6 of
17  this order.

18  IT FURTHER IS ORDERED that Petitioner may mail an opposition to the motion for summary
19  judgment to the Clerk for filing within thirty (30) days of service of the motion. Petitioner must come
20  forward in opposition to a properly supported motion for summary judgment with competent evidence
21  demonstrating that there is a genuine issue of material fact precluding entry of summary judgment as
22  to each claim. Factual assertions that are not based upon an affidavit, a declaration under penalty of
23  perjury, or other competent evidence will be disregarded.

24  / / / /

---

[6] The Court understands that *Wilkinson* involved confinement to a supermax facility, which perhaps may not necessarily equate to the petitioner's assignment to close custody housing. However, in all events, the *Wilkinson* Court's general discussion of procedural due process requirements has relevance to the present case, together with the Ninth Circuit's prior case law, such as the *Toussaint* decision referred to in *Bruce*.

IT FURTHER IS ORDERED that the petitioner's response deadline established by this order shall override any shorter response deadline stated in any subsequent minute entry regarding the requirements of the *Klingele* and *Rand* decisions.

IT FURTHER IS ORDERED that all exhibits filed by the respondents shall comply with the Court's prior order (#15) regarding the filing of exhibits.

DATED this 17th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE