**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RYAN E. HADLEY,<br><br>    Petitioner,<br><br>vs.<br><br>E. K. McDANIEL, et al.,<br><br>    Respondents. | 3: 07-cv-0529-LRH-VPC<br><br>**ORDER** |

Petitioner is a state prisoner proceeding *pro se* in this habeas corpus petition pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion for summary judgment. (Docket #38.)

**PROCEDURAL HISTORY**

On November 16, 1999, petitioner was convicted in the Second Judicial District Court on count 1, second degree murder with the use of a firearm, and count 4, attempted murder with the use of a firearm. Exhibit 3.[1]  The court sentenced petitioner to serve a term of imprisonment on count 1 of 10 to 25 years, with an equal and consecutive term for the use of a deadly weapon. *Id*. On count 4, the court sentenced petitioner to a term of 8 to 20 years, with a like consecutive term for the use of a deadly weapon. *Id*. Count 4 was ordered to be served concurrently with count 1. *Id*.

On October 12, 2006, petitioner filed a post-conviction petition for writ of habeas corpus in

---

[1] Unless otherwise indicated, references to exhibits are to the exhibits filed in support of the reply to the opposition to respondents' motion to dismiss, found at docket #24 (exhibits 1 -10) and the exhibits filed in support of the motion for summary judgment, found at docket #38 (exhibits 11-16).

the state district court. Exhibit 1. On April 29, 2007, the state district court dismissed the petition on the ground that none of the claims were cognizable in a petition for writ of habeas corpus. Exhibit 6.

Petitioner appealed the judgment of the district court. Exhibits 8, 9. On September 18, 2007, the Nevada Supreme Court affirmed the judgment of the state district court, holding in pertinent part:

> Based on our review of the record on appeal, we conclude that the district court did not err in dismissing the petition. Because appellant challenged only the conditions of confinement, appellant's claims were not cognizable in a petition for writ of habeas corpus. [fn 2: *See Bowen v. Warden*, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984) ("We have repeatedly held that a petition for writ of habeas corpus may challenge the validity of current confinement, but not the conditions thereof."); *see also Sandin v. Conner*, 515 U.S. 472 (1995).] Therefore, we affirm the order of the district court.

Exhibit 10.

This court received petitioner's application to proceed *in forma pauperis* and accompanying petition in this action on November 5, 2007. (Docket #1.) The court ordered the Clerk of the Court to file the petition on February 7, 2008. (Docket #7, #8.) Respondents filed a motion to dismiss on June 4, 2008. (Docket #16.) On February 17, 2009, the court entered an order denying respondents' motion to dismiss and directing respondents to file a motion for summary judgment. (Docket #25.)

**DISCUSSION**

In ground 1, petitioner alleges a violation of his Fourteenth Amendment right to due process because he was validated as a gang member without his knowledge by the Office of the Inspector General. Petitioner claims he did not receive a hearing or notice prior to being labeled as a member of a security threat group/disruptive group ("STG"). Petitioner claims that prison officials based their decisions on Administrative Regulation ("AR") 446 which is being applied and/or enforced in a vague and overbroad manner.

In ground 2, petitioner alleges a violation of his Fourteenth Amendment due process rights and an unspecified liberty interest. He claims he was served with a validation notice on September 22, 2005, which was not filled out in compliance with AR 446, in that there was no summary of information for petitioner to know what evidence was being used against him. Petitioner claims that the committee's decision to keep him validated was upheld, and that the evidence relied upon does not support the committee's decision.

1    Petitioner also claims that because of the classification he was denied the opportunity to earn
2    work credits for vocational training, and the opportunity to earn credits for his diligence in college
3    courses. Petitioner further claims that this classification "extends" his "expiration date" based on his
4    confinement to units 5, 6 and 7, and prevents him from being transferred to another prison. Finally,
5    he claims that AR 446 is being applied and/or enforced in a vague and overbroad manner.
6    In ground 3, petitioner claims that his Fourteenth Amendment right to due process and a
7    liberty interest have been violated. He clams that prison officials' validation of him as a member of
8    a STG violated his liberty interest to be free from segregated living conditions. He claims that his
9    placement and retention in close custody housing constitutes an atypical and significant hardship.
10   He claims that he is not allowed to advance in the level system due to his validation as a STG
11   member and that prevented from earning work credits and extends the length of his incarceration.
12   In ground 4, petitioner alleges a violation of his Fifth and Fourteenth Amendment right to due
13   process and equal treatment because he is denied advancement in the level system based on his STG
14   label, although prisoners with similar or worse records are allowed to advance in the level system.
15   Petitioner further alleges that prison officials have stated that he must complete five years in CCH
16   units without a rule infraction before he can be transferred. Petitioner claims that this retention
17   extends his expiration date and denies him the opportunity to engage in rehabilitative activities,
18   further extending the duration of his incarceration. He asserts that he has a right to be released "on
19   time" like other similarly situated inmates.
20   In ground 5, petitioner alleges violations of his rights under the Fifth, Eighth and Fourteenth
21   Amendments to due process, equal protection and protection from cruel and unusual punishment
22   because his classification hearings were not conducted in accordance with Institutional Procedure
23   501 and AR 521.
24   In ground 6, petitioner alleges violations of his Fifth, Eighth and Fourteenth Amendment
25   rights to due process, equal treatment and protection from cruel and unusual punishment because
26   prison officials validated him as a member of a STG based on false, unreliable and insufficient
27   information, as well as on his racial heritage and association with others of the same racial heritage.
28   He again alleges that his retention in the CCH units extends his sentence and denies him the

opportunity to earn work good time credits, engage in a vocational trade, take part in rehabilitation activities, receive an hour a day of recreation, or advance in the level system.

In ground 7, petitioner alleges violations of his rights under the Fifth, Eighth and Fourteen Amendments to due process, a liberty interest, equal treatment, petition and assemble, and to be free of racial discrimination and segregation.  He claims that prison officials have the practice of restraining Hispanic prisoners in close custody housing units based on their geographic residence, race and mere allegations of gang affiliation, rather than on misconduct.

In ground 8, petitioner alleges violations of his First, Fifth and Fourteenth Amendment rights to due process, speech and conduct because prison officials enforce vague and overbroad regulations and underground policies.  Petitioner claims that these regulations and policies infringe on his free and innocent speech and conduct.

The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing  2254 Cases; *see, also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, petitioner raises many claims which challenge the conditions of his confinement, rather than the legality or duration of his confinement.  These claims are not cognizable on habeas corpus and will be dismissed by this court.  Petitioner's claims addressing the duration of his confinement are scattered throughout his petition, and are as follows.  In ground two, petitioner alleges that  his validation as a member of a STG violated his rights under the Fourteenth Amendment, denies him the opportunity to earn work credits, extends his expiration date based on his housing in CCH and does not allow him to be transferred to another prison.  In ground three, petitioner alleges that his validation as a member of a STG violated his rights under the Fourteenth Amendment and prevents him from advancing in the level system due to his validation as a security

threat group member, prevents him from earning work credits and extends the length of his incarceration. In ground four, petitioner alleges that the refusal to advance him in the level system extends his expiration date and denies him the opportunity to engage in rehabilitative activities, further extending the duration of his incarceration. He asserts that he has a right to be released "on time" like other similarly situated inmates. Finally, in ground six, petitioner alleges that his retention in the CCH units extends his sentence and denies him the opportunity to earn work time credits, engage in a vocational trade, take part in rehabilitation activities, receive an hour a day of recreation, or advance in the level system. These are the only claims raised by petitioner which are arguably cognizable on habeas corpus.

Nevada statutes do not create a liberty interest in work time credits. *Cooper v. Sumner*, 672 F.Supp. 1361, 1367 (1987). Because petitioner has no constitutionally protected liberty interest in earing work time credit, his allegation that he is being deprived of the opportunity to earn such credit cannot form a basis for habeas corpus relief. Petitioner also has no right to be housed in or transferred to any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, his claims regarding being deprived of the possibility of being transferred do not support a habeas corpus claim. The Ninth Circuit has held that prisoners do not have a liberty interest in education or rehabilitation under the due process clause. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985); *Hoptowit v. Ray*, 682 F.2d 1237, 1254 - 55 (9th Cir. 1982). Nevada has not created a protected liberty interest in its educational or vocational prison programs beyond those provided for by Nev. Rev. Stat. 209.4465(4). That statute provides credits for a prisoner who earns a GED, high school diploma, or a first associate's degree. Petitioner alleges that he has not been allowed to earn credits for "vocational courses" or "college courses." Doing so would not provide petitioner with credits under the statute. Thus, petitioner has again failed to state a claim which would support habeas relief. Finally, there is no right to parole under Nevada law. *See* NRS 213.1099.

In summary, petitioner's claims which address the duration of his confinement are meritless. The majority of the claims which petitioner raises in this case are not cognizable in a habeas corpus action because they address the conditions of his confinement, not the fact or duration of that

5

confinement. Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d at 891-92 (9th Cir. 1979).

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the limited claims in this petition which are cognizable on habeas, discussed above, are **DISMISSED with prejudice** as meritless.

**IT IS FURTHER ORDERED** that all remaining claims in this action are **DISMISSED** without prejudice to petitioner's right to bring these claims in an appropriate civil rights action pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that respondents' motion for summary judgment is **DENIED**. [Docket #38.]

1  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

2  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly

3 and close this case.

4  DATED this 14th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE